UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARTIN MICHAEL VANDERSTRAIT,<br><br>Plaintiff,<br>v.<br>STATE OF NEVADA, *et al.,*<br>Defendants. | Case No. 2:17-cv-02160-JAD-GWF<br><br>**ORDER** |

This matter is before the Court on Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 1), filed on August 11, 2017.

## **BACKGROUND**

Plaintiff alleges that the State of Nevada, Clark County, the City of Las Vegas, and the City of Henderson have interfered with interstate commerce and transportation and violated Nevada Revised Statute § 197.200. He also alleges claims of fraud and conspiracy to commit fraud, forgery, breach of contract, and ineffective assistance of counsel.

## **DISCUSSION**

**I.     Application to Proceed *in Forma Pauperis***

Plaintiff filed this instant action and attached a financial affidavit to his application and complaint as required by 28 U.S.C. § 1915(a). Reviewing Plaintiff's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed *in forma pauperis* in federal court is granted.

. . .

. . .

**II.     Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant/third party plaintiff who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

The Court shall liberally construe a complaint by a pro se litigant. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 2007). This is especially important for civil rights complaints. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). However, a liberal construction may not be used to supply an essential element of the claim absent from the complaint. *Bruns v. Nat'l Credit Union Admin.*, 12 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**III.    Instant Complaint**

    **A.    Subject Matter Jurisdiction**

Federal district courts are courts of limited jurisdiction, deriving their power to hear cases from specific congressional grants of jurisdiction. *United States v. Sumner*, 226 F.3d 1005, 1009

(9th Cir. 2000). Limited jurisdiction means that federal courts (1) possess only that power authorized by the Constitution or a specific federal statute and (2) do not have jurisdiction over a matter simply because the alleged wrong occurred in the same city, county, or state in which the court sits. *See* U.S. Const. art. III, § 2, cl. 1. Generally, subject matter jurisdiction may derive from diversity of the parties, which are "civil actions where the matter in controversy exceeds the sum or value of $75,000 ... and is between citizens of different States," or from claims involving a federal question, which are "civil actions arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331; 28 U.S.C. § 1332.

Rule 8(a)(1) of the Federal Rules of Civil Procedure states that a "claim for relief must contain ... a short plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). The burden of proving jurisdiction rests on the party asserting jurisdiction. *See McNutt v. Gen. Motors Acceptance Corp*. 298 U.S. 178, 182–83 (1936). Plaintiff does not state the grounds for the Court's jurisdiction in his complaint nor does the complaint contain allegations demonstrating that the Court has jurisdiction.

**B.     Failure to State a Claim**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. See *Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id*. at 1949. Secondly, where

the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly*, 550 U.S. at 570.

Plaintiff's allegations are inadequate. He provides very little to no factual description of the basis of his claims. He simply lists causes of actions without stating the factual nature of his claims. A plaintiff must set forth sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Plaintiff further fails to allege that this Court has subject matter jurisdiction over his claims. The Court, therefore, dismisses his complaint with leave to amend. Plaintiff is advised that he must provide the court with a proper factual and legal basis for his claims in his amended complaint.

### 1. **Breach of Contract**

Plaintiff appears to bring a claim for breach of contract, which is a cause of action that occurs under state law. A federal court may hear state claims that are part of the "same case or controversy" as a claim arising under federal law. 28 U.S.C. § 1367(a). Section 1367(a) grants supplemental jurisdiction to the federal district court for "all other claims that are so related to claims" over which the federal district court has original jurisdiction "that they form part of the same case or controversy under Article III." If Plaintiff does not intend to set forth any claims under federal law, subject matter jurisdiction may derive from diversity of the parties, which are "civil actions where the matter in controversy exceeds the sum or value of $75,000 ... and is between citizens of different States."

In order to state a claim for breach of contract under Nevada law, Plaintiff must allege "(1) the existence of a valid contract, (2) a breach by the defendant, and (3) damage as a result of the breach." *Saini v. Int'l Game Tech.,* 434 F.Supp.2d 913, 919–920 (D.Nev.2006) (quoting *Richardson v. Jones,* 1 Nev. 405 (Nev.1865)). Plaintiff fails to allege factual allegations sufficient to state a claim for breach of contract. He also fails to show that this Court has subject matter jurisdiction over this claim. The Court will, therefore, dismiss this claim with leave to amend to correct the noted deficiencies.

4

### 2. Fraud

To state a claim for fraud a plaintiff must allege that (1) the defendant made a false representation, (2) the defendant knew or believed the representation to be false, (3) the defendant intended to induce plaintiff to rely on the misrepresentation, and (4) the plaintiff suffered damages as a result of his or her reliance on the misrepresentation. *Shlesinger v. Bank of Am., N.A.*, 2012 WL 2995698, at *6 (D. Nev. July 23, 2012) (citing *Barmettler v. Reno Air, Inc.,* 956 P.2d 1382, 1386 (Nev. 1998). Further, a plaintiff must allege fraud with particularity. Fed. R. Civ. P. 9(b). Here, Plaintiff fails to allege factual allegations sufficient to state a claim for fraud. He does not distinguish between any of the defendants or identify any fraudulent conduct. The Court, therefore, dismisses this claim with leave to amend the correct noted deficiencies.

### C. Plaintiff's § 1983 Claim

42 U.S.C. § 1983 creates a path for the private enforcement of substantive rights created by the Constitution and Federal Statutes. *Graham v. Connor,* 490 U.S. 386, 393-94 (1989). To the extent that Plaintiff is seeking to state a claim under § 1983, a plaintiff "must allege the violation of a right secured by the Constitution and the laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). A person acts under "color of law" if he "exercise[s] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West*, 487 U.S. at 49.

### 1. Ineffective Assistance of Counsel

The Sixth Amendment guarantees the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The U.S. Supreme Court has concluded that public defenders do not act under color of state law because their conduct as legal advocates is controlled by professional standards independent of the administrative direction of a supervisor. *Pattillo v. Lombardo*, 2017 WL 3622778, at *4 (D. Nev. Aug. 23, 2017), <u>report and recommendation adopted,</u> 2018 WL 855563 (D. Nev. Feb. 13, 2018) (citing *Polk County v. Dodson*, 454 U.S. 312 (1981)). Further, when a plaintiff seeks damages on a § 1983

claim that implicates the constitutionality of the plaintiff's conviction or sentence, he must demonstrate that the conviction or sentence has been overturned. *Heck v. Humphrey*, 512 U.S. 477, 480 (1994)). "A claim for damages bearing that relationship to a conviction or sentence that has not been ... invalidated is not cognizable under § 1983." *Id.* at 487.

Plaintiff does not provide the factual basis for his ineffective assistance of counsel claim. The Court is not aware as to whether Plaintiff was at any time a criminal defendant and represented by the Office of the Federal Public Defender or any other court appointed attorney. The Court does not have enough information to properly screen Plaintiff's ineffective of counsel claim. However, it is not clear from the face of the complaint that the deficiencies could not be cured by amendment.

### 2. State of Nevada

States are not persons for purposes of § 1983. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Jackson v. Barnes*, 749 F.3d 755, 764 (9th Cir. 2014), *cert. denied*, 135 S. Ct. 980 (2015). Therefore, § 1983 claims against states are legally frivolous. *See Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). Plaintiff's lack of factual allegations makes it difficult for the Court to discern if he is seeking a claim under § 1983 against the State of Nevada. The Court, however, recommends dismissal of Plaintiff's claims against the State of Nevada to the extent he intends to set forth § 1983 claims against Defendant State of Nevada.

### 3. Municipal Liability

A municipal liability claim under § 1983 proceeds only if a municipality causes a constitutional violation through a policy or custom. *See Harper v. City of Los Angeles,* 533 F.3d 1010, 1024–25 (9th Cir.2008). Municipal entities may be held directly liable, but not on the basis of respondeat superior. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 91 (1978). In other words, a municipality cannot be held liable only because it employs a person who allegedly violated the constitution. *Id.* at 691. "A plaintiff seeking to impose liability on a municipality under § 1983

[must] identify a municipal policy or custom that caused the plaintiff's injury." *Id.* (citation and internal quotation marks omitted). A municipality can be held liable where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers," or where the action is made "pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision making channels." *Id.* at 690–91. Here, Plaintiff lists the City of Las Vegas and the City of Henderson as Defendants. However, he fails to allege the underlying facts to support a sufficient municipal liability claim. The Court, therefore, dismisses Plaintiff's claims with leave to amend the noted deficiencies.

If Plaintiff elects to proceed in this action by filing an amended complaint, he is informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 15–1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Valdez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011)*; see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Plaintiff is advised that litigation will not commence upon the filing of an amended complaint. Rather, the Court will need to conduct an additional screening of the amended complaint pursuant to 28 U.S.C. § 1915(e). If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the Court will recommend that the complaint be dismissed with prejudice. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *in Forma Pauperis* is **granted**. Plaintiff shall not be required to pre-pay the full filing fee of four hundred dollars ($400.00).

**IT IS FURTHER ORDERED** that that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of

security therefor.  This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint be dismissed without prejudice with leave to amend.  Plaintiff shall have until **November 30, 2018** to file an amended complaint correcting the noted deficiencies.

Dated this 31st day of October, 2018.

_____
GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE